PER CURIAM.
Defendant was indicted on one count of second degree murder. He pled guilty to the amended charge of manslaughter in exchange for an agreement that he would be sentenced to between 16 and 21 years at hard labor. After defendant waived any sentencing delays, agreed to be sentenced based on the facts of the case, and waived any consideration of sentencing factors under LSA-C.Cr.P. Art. 894.1, the district court sentenced him to 18 years at hard labor, giving defendant credit for time served since his arrest. Defendant now appeals his sentence, arguing that he should have been given 16 years, the minimum sentence in the range to which he agreed. We affirm.
The victim, Alex Price, was the common law husband of the defendant’s aunt, Lisa *82 Dunlap. Price and Ms. Dunlap experienced considerable domestic disharmony and frequently separated and reconciled. It was more of the same which preceded the early morning shooting which resulted in the victim’s death.
Several hours before the fatal incident, Price and Ms. Dunlap had a verbal altercation at a convenience store and Price had abandoned her and her children[1] at the store. Ms. Dunlap summoned the Shreveport City Police because of alleged threats made by Price. The police took her and the children back home and left.
Shortly after the departure of the police, Price also arrived and sought entry to the house, which entry was denied by Ms. Dunlap. Price eventually gained entry by breaking a pane of glass in the front door and unlocking it.
Price and Ms. Dunlap argued and he pushed her to the floor. Defendant intervened and told Price to leave. Price told the defendant that Price would have to shoot to make him leave. As Price moved toward the defendant, defendant shot him in the chest five times with a 9 mm handgun.
Although originally charged by grand jury indictment with second degree murder, the state agreed to defendant’s plea to a reduced charge of manslaughter. Defendant was sentenced to 18 years at hard labor, slightly less than a midpoint of the sentencing range of 16 to 21 years to which defendant had agreed as part of his plea bargain.
Defendant now complains that the sentence imposed on him was excessive. He does not complain of the district court’s failure to adequately articulate a factual basis; indeed, defendant waived any delay between his guilty plea and sentencing which would have allowed for the preparation of a presentence investigation report. Defendant argues, however, that the underlying circumstances, when considered in light of his relative youth and lack of a criminal background, mitigate in favor of the minimum sentence within the range to which he agreed when he pled guilty to manslaughter.
The record reflects that defendant was 18 years old at the time of the incident, that he had no criminal record, that he was unmarried with no dependents, and that he had no drug dependency problems. The sentencing judge expressly considered that the crime was committed in the heat of passion and that the residence was so dark[2] that defendant may not have been sure of what the decedent might have done to defendant had defendant not shot him.
On the one hand, the defendant did not concede that he was guilty in pleading guilty, but specifically asserted that he was doing so to take advantage of the sentence limitation. Inherent in that statement was the desire to avoid the prosecution for the more serious offense of second degree murder. However, it appears that the circumstances of the case would not have likely supported such a verdict, though that is less than certain.
The defendant shot the deceased five times, but the defendant’s version of the events was that the victim was known to have a gun (none was found.) He asserted that the victim had “shot up” the premises a few weeks earlier and that he had since threatened Ms. Dunlap.
All in all, this is a very difficult case. It presents significant potential for the successful assertion of self-defense. The defendant is youthful and has no apparent record. There is some possibility that the defendant may have been convicted of second degree murder, but it appears that the circumstances would most likely not have supported such a verdict. On the other hand, even though the defendant did not *83 admit to his guilt, we must presume his guilt in evaluating the sentence.
In conclusion, we cannot say that under the circumstances the sentence imposed is excessive, although we find it to present a close call.
AFFIRMED.

. The record seems to indicate that at least one of these children was the result of their common law union. In addition, there is mention of additional pregnancies which resulted in miscarriages. Defendant claimed that these miscarriages resulted from physical abuse of Ms. Dunlap by the . decedent.

. The record reflects that electricity had been previously disconnected to the home, which was without power the night of the incident.